FILED - GR
September 30, 2010 2:36 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__aid__/____ SCANNED BY $\mathcal{AD}$, 9-30

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                        Plaintiff,<br><br>v.<br><br>RANIR, LLC,<br><br>                        Defendant.<br>_____/ | Civil Action No.<br>HONORABLE | **1:10-cv-965**<br>**Janet T. Neff**<br>**U.S. District Judge**<br><br>**COMPLAINT<br>AND JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Judith Fuller ("Fuller") who was adversely affected by such practices. The Commission alleges that Defendant Ranir, LLC violated the Americans with Disabilities Act ("ADA") when it failed to provide Fuller with a reasonable accommodation and terminated her employment on the basis of her disability, degenerative osteoarthritis in both knees.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.      The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Ranir, LLC ("Employer") has continuously been a Delaware foreign limited liability company doing business in the State of Michigan and City of Grand Rapids and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Fuller filed a

2

charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since at least February 1, 2008, Defendant Employer engaged in unlawful employment practices at its Grand Rapids, Michigan facility in violation of Sections 102(a) and 102(b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A). The Defendant's practices include, but are not limited to, denying Fuller's request for a reasonable accommodation, such as usage of a cane to get to her work station and terminating her employment on March 14, 2008.

9.   The effect of the practices complained of in paragraph 8 above has been to deprive Fuller of equal employment opportunities and otherwise affect her status as an employee because of her disability, degenerative osteoarthritis in both knees.

10.   The unlawful employment practices complained of in paragraph 8 above were intentional.

11.   The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Fuller.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the practice of failing to provide reasonable accommodations to qualified individuals with disabilities and in lieu of accommodation, terminating the employment of these individuals, and any other unlawful employment practice which discriminates on the basis of disability;

B.   ORDER Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.   ORDER Defendant Employer to make whole Fuller by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Fuller.

D.   ORDER Defendant Employer to make whole Fuller by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to out-of pocket medical expenses, in amounts to be determined at trial;

E.   ORDER Defendant Employer to make whole Fuller by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, humiliation, emotional pain and suffering, in amounts to be determined at trial.

F.   ORDER Defendant Employer to pay Fuller punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.   GRANT such further relief as the Court deems necessary and proper in the public interest.

H.   AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    Respectfully submitted,

*[signature]*

DEBORAH M. BARNO  (P44525)
Supervisory Trial Attorney

Dated: September 30, 2010

*[signature]*

DALE PRICE (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-7808